UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NAJLA SHAIBI, MAREB NASSER, M.N.
(a minor child), S.N. (a minor child), K.N.
(a minor child), ANOOD ALBARAM,
ABDULRAHMAN AL-QADHI,

                                              18-CV-102

        Plaintiffs,                Decision & Order

    v.

LEE CISSNA, Director of Citizenship and
Immigration Services, KRISTJEN
NIELSEN, Secretary of the Department of
Homeland Security, UNITED STATES
ATTORNEY'S OFFICE, WILLIAM BARR,
United States Attorney General,

        Defendants.
_____

The plaintiffs are Yemeni nationals and their legal permanent-resident family members who have filed Form I-130 Petitions for Alien Relatives on their behalf. Docket Items 1. They all seek a writ of mandamus compelling the defendants to adjudicate those petitions without unreasonable delay and a declaratory judgment that any such delay is unlawful. Docket Item 6 at 12. On January 23, 2018, the plaintiffs amended their complaint as a matter of right. Docket Item 6. On March 29, 2018, the defendants moved to sever the plaintiffs' claims. Docket Item 14. On April 17, 2018, the plaintiffs moved to again amend the complaint—this time to include eighty-five additional plaintiffs and new constitutional claims. Docket Items 16, 17. The defendants opposed that motion, and on November 26, 2018, they moved to dismiss the plaintiffs' petition as moot. Docket Item 23.

If it appears that subject matter jurisdiction may be lacking at any stage of the proceeding, the court must consider jurisdictional issues. Fed. R. Civ. P. 12(b)(1); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). If the Court determines that it does not have subject matter jurisdiction, it must dismiss the case. FED. R. CIV. P. 12(h)(3).

"Under Article III of the U.S. Constitution, 'when a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994)). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Samele v. Zucker*, 324 F.Supp.3d 313, 327 (E.D.N.Y. 2018) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "In the immigration and naturalization context, courts have dismissed cases as moot where the agency, such as USCIS, to which the plaintiff has applied provides the relief sought in the complaint prior to the court's adjudication." *Lavin v. United States Citizenship & Immigration Servs.*, 2018 WL 1801978, at *1 (S.D.N.Y. Apr. 16, 2018).

## **BACKGROUND**

According to the first amended complaint, plaintiff Najla Shaibi filed Form I-130, Petition for Alien Relative, on behalf of her husband and children, also plaintiffs, and provided all requested documentation. Docket Item 6 at 5. Anood Albaram did the same for her husband, Abdulrahman Al-Qadhi. *Id.* The defendants then intentionally delayed the processing and adjudication of these petitions "for the purpose of delaying and preventing Yemeni Muslim immigration." *Id.* In their first amended complaint, the

2

plaintiffs sought to compel adjudication of their petitions, to have the Court declare defendants' delay unlawful under federal law and the Constitution, and to obtain costs and attorney's fees under the Equal Access to Justice Act. *Id.* at 12.

The defendants support their motion to dismiss with a declaration from Adam Gallagher, the Senior Immigration Services Officer in the Buffalo Field Office for the United States Citizenship and Immigration Services in the Department of Homeland Security. Docket Item 23-2. According to Gallagher, the Form I-130 application for the benefit of Najla Shaibi's husband was approved on May 23, 2018, and the application for the benefit of her children was approved on July 20, 2018. *Id.* at 2. Likewise, Anood Albaram's application for the benefit of her husband was approved on March 6, 2018. *Id.*

Gallagher also declares that of the thirty-two petitions for fifty-three beneficiaries that are the basis of the proposed second amended complaint, only three gave an address within the Western District of New York and therefore were processed through the Buffalo Field Office (collectively, the "Western New York plaintiffs"). *Id.* at 3. And each of those three petitions already has been adjudicated. *Id.* at 3-4. "In short, all of the I-130 applications pertaining to persons residing in Western New York or which are being adjudicated by the Buffalo Field Office, which are raised in the complaint or proposed amended complaint have been approved. All of the remaining I-130 applications raised in the proposed amended complaint are for persons residing outside of Western New York and are not being adjudicated by the Buffalo Field Office." *Id.* at 4.

**DISCUSSION**

The plaintiffs do not contest where the Form I-130 petitioners are located. *See* Docket Item 28 at 10 ("Both I-130 petitions subject to the operative complaint and three of the I-130 petitions subject to the proposed amended complaint are at USCIS's Buffalo, NY Field Office."). Rather, they argue that the petitioners and beneficiaries from outside Western New York may be parties to this action "because only one of the plaintiffs need reside in the district for venue to be proper." *Id.*

Moreover, the plaintiffs argue that the Western New York plaintiffs' claims are not moot, despite their Form I-130 petitions having been approved, because they are "capable of repetition, yet evading review." *Id.* at 5. They also argue that the voluntary cessation exception to mootness applies to their claims. *Id.* at 9. But for the following reasons, the plaintiffs are incorrect on both these arguments.

"Th[e] 'capable of repetition, yet evading review' doctrine, as applied in cases other than class actions, is limited to situations in which there was a 'reasonable expectation' or 'demonstrated probability' that the same controversy would recur involving the same party." *Courshon v. Berkett*, 16 Fed. App'x 57, 63 (2d Cir. 2011) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). It "applies in 'exceptional' situations where: (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *N.J. Carpenters Health Fund v. Novastar Mortg., Inc.*, 753 Fed. App'x 16, 20 (2d Cir. 2018) (quoting *Kingdomware Techs., Inv. v. United States*, 136 S. Ct. 1969, 1976 (2016)) (summary order).

A situation is capable of repetition but evading review when the "elapsed time that gave rise to mootness would always limit judicial review." *In re Kurtzman*, 194 F.3d 54, 59 (2d Cir. 1999). For example, the Supreme Court applied the capable of repetition yet evading review exception in *Roe v. Wade* because "regardless of any injunction that might issue, a woman can only obtain an abortion so long as she remains pregnant." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citing Roe *v. Wade*, 410 U.S. 113, 125 (1973)). "The limited duration of such controversies is clear at the action's inception." *Id.*

Here, the Western New York plaintiffs' claims for injunction are not clearly limited from an action's inception so that the elapsed time will always limit judicial review. According to the plaintiffs, the basis for this action is the unreasonably long delay in the adjudication of their Form I-130 petitions. That is the opposite of a situation with an inherently limited duration. So if the defendants continued to delay applications while an action was pending, the issue would not avoid judicial review. *See In re Kurtzman*, 194 F.3d at 59 ("We focus on . . . whether the elapsed time that gave rise to mootness would always limit judicial review of the question presented . . . .") (internal quotations omitted).

The plaintiffs also argue that the defendants could render any discrimination claim moot simply by approving an application. Docket Item 28 at 8. And they argue that the petitioners' grievances are capable of repetition because petitions that are granted can be revoked and because they can file new petitions on behalf of other family members. *Id.* But "[w]here 'the repetition of the events giving rise to the preliminary injunction is entirely speculative, the mere theoretical possibility that this

5

scenario will arise again is not sufficient for the capable of repetition exception to apply.'" *Dorsey v.* Sullivan, 2013 WL 4776344, at *6 (W.D.N.Y. Sep. 2013) (quoting *Haley v.* Pataki, 60 F.3d 137, 141 (2d Cir. 1995)).  Therefore, the speculative and theoretical possibility that the plaintiffs raise here is not enough.

The voluntary cessation doctrine also does not vest this Court with jurisdiction. That doctrine "aims to eliminate the incentive for a defendant to strategically alter its conduct in order to prevent or undo a ruling adverse to its interest."  *E.I. Dupont DeNemours & Co. v. Invista B.V. & Invista S.A.R.L.*, 473 F.3d 44, 47 (2d Cir. 2006).  But "government actors enjoy a rebuttable presumption that the objectionable behavior will not recur."  *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1351 (11th Cir. 2011) (alterations omitted); *see Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 376 (2d Cir. 2004) ("Where, as here, the defendant is a government entity, some deference must be accorded to [its] representation that certain conduct has been discontinued.") (internal quotations omitted).

The voluntary cessation doctrine applies "if the court cannot provide relief because the defendant voluntarily stopped the challenged practice."  *McKay v. New York*, 2018 WL 1046792, at *5 (W.D.N.Y. Feb. 26, 2018).  But if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," then the case is moot notwithstanding the voluntary cessation.  *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016).  Here, the plaintiffs' Form I-130 petitions have been adjudicated.  Their speculation that the government might revoke those petitions or that they might again apply—and the

6

government might again delay processing the applications—for other family members is just that: speculation and not a reasonable expectation that the alleged violation will recur.

The plaintiffs also argue that their constitutional claims create an on-going dispute between the defendants and the properly-venued plaintiffs. Docket Item 28 at 3. In fact, the plaintiffs' claims for delay damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which they raise only in the proposed amended complaint, Docket Item 17 at 54, may provide a basis for this Court's jurisdiction.

Rules 15(a)(2) and 20(a)(1) of the Federal Rules of Civil Procedure govern the plaintiffs' motion for leave to amend the complaint. Rule 15 provides that the court "should freely give leave" to amend a pleading "when justice so requires," FED. R. CIV. P. 15, and Rule 20 provides that persons may join in one action as plaintiffs if "they assert any right to relief jointly . . . arising out of the same transaction [or] occurrence" and a "question of law or fact common to all plaintiffs will arise in the action," FED. R. CIV. P. 20(a).

Given that liberal standard, Najla Shaibi—the only Western New York plaintiff who appears in both the operative complaint and the proposed amended complaint—may amend the complaint to include her *Bivens* claims as well as the new plaintiffs because all the new claims arise out of the same operative facts as alleged in the original complaint. *See, e.g., Benedith v. Malverne Union Free School Dist.*, 38 F. Supp. 3d 286, 338 (E.D.N.Y. 2014) ("the same transaction or occurrence factor routinely has been found to exist where . . . plaintiffs with varying factual circumstances alleged the common denominator of a policy or practice of discrimination.") (internal quotation omitted). And these claims for damages, which may or may not be viable under *Bivens*, are not moot.

*See Powell v. McCormack*, 395 U.S. 486, 498 (1969) (holding that a damages claim is not rendered moot because a related injunctive-relief claim becomes moot).

Nevertheless, it is not clear that this Court should adjudicate those claims—whether they seek injunctive relief or damages—brought by plaintiffs who do not reside in Western New York. Therefore, the plaintiffs are ordered to show cause within 30 days why the claims of the plaintiffs who do not reside in Western New York should not be severed and those actions transferred to another district where venue is proper.

## **CONCLUSION**

In light of the above, the plaintiffs' motion to amend the complaint, Docket Item 16, is granted in part to allow them to add other plaintiffs and *Bivens* claims. The defendants' motion to dismiss, Docket Items 23, 24, is granted as to the Western New York plaintiffs' claims for injunctive relief. The defendants' motion to sever, Docket Item 14, is denied as moot in light of the proposed amended complaint and this order to show cause. The plaintiffs shall show cause within 30 days of the date of this order why this action should not be severed and claims that do not arise out of events in the Western District of New York transferred. The defendants shall have 14 days from the date of the plaintiffs' submission to respond, and the plaintiffs shall have 7 days from the date of the defendants' response to reply.

SO ORDERED.

Dated:    August_20, 2019
              Buffalo, New York

   *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE